**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

PILAR JOSE LOVERA HERRERA,

      Petitioner,

v.                                                                      No. 1:25-cv-01329-MLG-DLM

MARKWAYNE MULLIN,[1] Secretary,
U.S. Department of Homeland Security, et al.,

      Respondents.

**ORDER GRANTING PETITIONER'S MOTION TO DISMISS THE PETITION
FOR WRIT OF HABEAS CORPUS AND DENYING
<u>MOTION FOR ISSUANCE OF BRIEFING SCHEDULE AS MOOT</u>**

On December 31, 2025, Petitioner Pilar Jose Lovera Herrera filed an Amended Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief ("Petition"), Doc. 2, challenging the lawfulness of his immigration detention at Torrance County Detention Facility without an individualized custody determination or a reasonably foreseeable timeline for removal. *Id.* at 1, 5-6 ¶¶ 1, 25, 29-31. As a remedy to these alleged due process and Immigration and Nationality Act ("INA") violations, he requested that the Court order his immediate release from federal immigration custody. *Id.* at 2, 14-17 ¶¶ 10, 55-70; *see also id.* at 16-17 (asking the Court for related declarative and injunctive relief). The Court required Respondents to show cause why Lovera Herrera's Petition should not be granted. *See* Doc. 3. On June 8, 2026, Lovera Herrera notified the Court that Respondents released him from immigration custody. Doc. 14. He asked the Court to dismiss his case pursuant to Federal Rule of Civil Procedure 41(a)(2). *Id.*

---

[1] Secretary Mullin is automatically substituted for his predecessor under Federal Rule of Civil Procedure 25(d).

Since Lovera Herrera's requested relief is no longer available, the Court—without reaching the merits of his constitutional or INA challenges to his immigration detention—finds the motion to be well-taken and hereby grants Lovera Herrera's Motion to Dismiss the Petition for Writ of Habeas Corpus, Doc. 14, and denies his Amended Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief, Doc. 2, as moot. Relatedly, the Court denies Lovera Herrera's Motion for Issuance of Briefing Schedule, Doc. 10, as moot. Final judgment will be entered contemporaneously pursuant to Federal Rule of Civil Procedure 58(a).

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA